# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3966 | **DATE** | 1/22/2001 |
| **CASE TITLE** | Acheampong vs. The City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting the City of Chicago's motion to dismiss amended complaint (13-1). All claims against the City and the Police Department are, therefore, dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 2 ? 2001 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | DOCKETING 01 JAN 22 PM 3:29 | 1/22/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMPSON ACHEAMPONG, )
 )
    Plaintiff, )
 )
v. )
 )
THE CITY OF CHICAGO, a municipal ) No. 00 C 3966
corporation; CITY OF CHICAGO )
DEPARTMENT OF POLICE; CHANETE )
WOOLEY; and WILL HOPKINS, )
 )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

According to Mr. Acheampong's complaint, on June 23, 2000, he was detained and searched by two Chicago police officers on the street near his home on the south side of Chicago. Mr. Acheampong was resting in his car as the two officers drove by. When the officers saw Mr. Acheampong, they turned around and ordered him to lie down on the hood of the police cruiser. The officers searched him, handcuffed him, and threw him into the back of the cruiser while they searched his car. Finding nothing, the officers let him go and drove off. Mr. Acheampong sued the individual officers, the City of Chicago ("City"), and the Chicago Police Department for Fourth Amendment violations under 42 U.S.C. § 1983. The City of Chicago moves to dismiss his complaint for failure to state a claim.[1]

---

[1] I do not address Mr. Acheampong's claims against the individual officers in this opinion.

I.

On a motion to dismiss, I accept all well-pleaded factual allegations of the plaintiff as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). Dismissal is only appropriate if it appears beyond doubt that relief could not be granted under any set of facts consistent with the allegations in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.

The Chicago Police Department is merely a department within the organizational structure of the City, and therefore is not a legal entity subject to suit. *Reese v. Chicago Police Dept.*, 602 F. Supp. 441, 443 (N.D. Ill. 1984). Ordinarily, arguments are waived when parties raise them in reply briefs, as the City does with this argument. *See Washington v. Indiana High Sch. Athletic Assoc.*, 181 F.3d 840, 846 n.9 (7th Cir. 1999). Because the law is clear that the Police Department is not a proper party, however, I will not apply waiver. The claims against the Police Department are dismissed.

III.

A municipality cannot be held liable under § 1983 for constitutional violations committed by its employees on a theory of *respondeat superior*. *McNabola v. Chicago Transit Auth.*, 10 F.3d

2

501, 509 (7th Cir. 1993) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 469, 480 (1978)). To state a claim against a municipality, the plaintiff must allege that (1) he or she has suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom or usage of the municipality. *Powe v. City of Chicago*, 664 F.2d 639 (7th Cir. 1984). There must be a "direct causal link" between the policy and the constitutional deprivation. *McNabola*, 10 F.3d at 510 (citations omitted).

Mr. Acheampong alleges that his Fourth Amendment rights were violated by Article III § 24-8-310 of the City Municipal Code, which states:

> A police officer . . . may stop any person in a public place whom the officer reasonably suspects is committing, has committed or is about to commit a criminal offense . . . , and may demand the name and address of such person and an explanation of his actions.

Section 24-8-320 states that, after stopping an individual, an officer may search the individual for dangerous weapons if there is a reasonable suspicion that the officer is in danger of attack. Sections 24-8-310 and -320 essentially codify the holding of *Terry v. Ohio*, 392 U.S. 1 (1968), that an officer may conduct a brief "stop and frisk" if he has a reasonable, articulable suspicion that criminal activity is afoot.

Mr. Acheampong fails to state a claim because the ordinance could not have caused any Fourth Amendment violation. Looking at

3

the facts in the light most favorable to Mr. Acheampong, as I must for the purposes of this motion, he could make two arguments: either the officers violated his rights by failing to following the ordinance, or by following it. Either way, his claim against the city fails.[2] If the officers did not have reasonable suspicion to stop him, or if they exceeded the parameters of a *Terry* stop when they searched his car, then they violated the ordinance, and the ordinance could not have been the cause of the constitutional violation. And if the officers were following the ordinance, i.e., if they had reasonable suspicion to stop and frisk him, there was no constitutional violation at all. Sections 24-8-310 and -320 restate longstanding federal search and seizure law, recently reaffirmed by the Supreme Court in *Illinois v. Wardlow*, 528 U.S. 119 (2000), that police officers may conduct brief investigatory "stops and frisks" based solely on reasonable suspicion of wrongdoing. However I frame Mr. Acheampong's argument, he fails to state a claim against the City or the Police Department under § 1983. The City's motion is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: January 12, 2001

---

[2] Of course, this holding is limited to the claims against the City. If the officers did not have reasonable suspicion for stopping him, as Mr. Acheampong appears to allege, the officers may have violated his Fourth Amendment rights.

4

Copies have been mailed to:

William H. Amattey
Attorney at Law
601 S. LaSalle Street, #630
Chicago, IL 60605

Fred Amoakohene
Attorney at Law
601 S. LaSalle Street, #630
Chicago, IL 60605

Attorneys for Plaintiff

Jeffrey N. Given
City of Chicago, Law Department
30 N. LaSalle Street, #1020
Chicago, IL 60602

Penelope Moutossamy-George
City of Chicago, Law Department
30 N. LaSalle Street, #900
Chicago, IL 60602

Attorneys for Defendants